| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

W.W. Rowland Trucking Company, Inc., §
§
       Plaintiff, §
§
versus §      Civil Action H-12-91
§
CRC Insurance Services, Inc., et al., §
§
       Defendants. §

## Opinion on Summary Judgment

1.    *Introduction.*

A trucking company sued its insurance company because it refused to pay for losses resulting from the theft of one of its trucks. The insurance company says it does not have to pay because the trucking company's terminal was not one-hundred-percent fenced – a warranty under the contract. The trucking company says the breached warranty is irrelevant because it did not contribute to the loss. The trucking company will prevail.

2.    *Background.*

W.W. Rowland Trucking Company, Inc., purchased theft insurance from Alterra America Insurance Company. Rowland told Alterra that its terminals are "100% fenced, gated, locked and lighted 24 hours per day, 7 days per week." The insurance contract says, "Coverage is null and void otherwise."

Thieves stole a truck from one of Rowland's terminals. Fencing at that terminal was down in several areas. Ignoring those gaps, the thieves created their own larger hole in the fence for their escape route. The stolen truck was loaded with $354,000 worth of goods.

Rowland wants Alterra to pay for its cargo losses. Alterra denied their claim because it says Rowland breached its warranty that the terminal was completely fenced. Rowland also sued the independent claims investigator – Engle Martin & Associates, Inc. – for negligently investigating the claim.

3. *Breach of Contract.*

Rowland says Alterra breached the insurance contract by refusing to pay. Alterra says it is not obligated to pay because Rowland breached its warranty to completely fence the terminal. In Texas, an insurance contract on personal property is not voided by a warranty violation unless it causes or contributes to the loss.[1] The insurance company has the burden of proof to show the warranty violation contributed to the loss.[2]

Alterra has not shown the old gaps in the fence aided in or encouraged the theft. Alterra says the damaged fence contributed to the loss by making the terminal a more tempting target for potential thieves. This is pure speculation. Alterra's own investigation shows the thieves stole the truck by driving through a large gap that they cut themselves. In Texas, Rowland's "technical" breach of warranty does not void the insurance company's obligation to pay because the insurance company has not shown it contributed to the loss.

Alterra says Texas's anti-technicality statute is inapplicable because Rowland did not own the stolen cargo. Alterra says the term "personal property" in the statute is intended to limit protection to owners and exclude third parties like carriers. The statute does not support this interpretation. A more natural reading of *personal property* is that it was intended simply to contrast with *real property*. The cargo in question is clearly not real property.

Moreover, as a carrier, Rowland is a bailee for the cargo owner. As a bailee, Rowland has all of the rights and responsibilities of a legal owner. As early as 1840, Justice Story said a bailee ought to have the same general rights as the owner because the bailee is answerable to the owner.[3] It is a general rule that a bailee is entitled to recover the full value of bailed goods as though it was the owner.[4] Because Alterra points to a difference without distinction when it contrasts the owner of the cargo with Rowland, the anti-technicality statute applies.

---

[1] Tex. Ins. Code Ann. art 862.054 (West 2009).

[2] Tex. Ins. Code Ann art. 554.002 (West 2009).

[3] Joseph Story, Commentaries on the Law of Bailments 73 (2nd ed. 1840).

[4] Ray Andrews Brown, The Law of Personal Property 311 (1955); Southwestern Bell Tel. Co. v. Commercial Metals Co., 389 S.W.2d 116 (Tex. Civ. App. 1965) (bare possession is sufficient title to recovery against naked trespasser).

4. *The Investigation.*

Rowland says Engle Martin was not thorough in investigating its claim, which led to inaccurate findings that harmed its reputation. No data supports this claim. Rowland has not shown how its reputation has been harmed. It has not identified a single lost business opportunity. It also has not identified a fact or process that was wrong – much less willfully wrong. This case is about the legal interpretation of insurance rules, not an imprecise investigation. Its including Engle Martin as a defendant was gratuitous or worse.

5. *Conclusion.*

Rowland admits that its fences were damaged in violation of its warranties. In Texas, a breach of warranty may not be used to void a contract unless it is plausibly connected to the loss. Rowland will prevail on summary judgment because its breached warranty was not shown by Alterra to contribute to the loss.

Signed on January 13, 2013, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge